WILLIAM E. ROBINSON and Another, Appellants, *v.* LOUIS LIEBMAN and Others, Respondents.

First Department, January 11, 1924.

Sales — action by seller for breach of contract of sale of beans — whether unambiguous written notice by defendants that they would not carry out contract is sufficient is for court — error, under evidence, to charge as matter of law that plaintiffs were never ready and willing to ship beans — error to reject deposition showing condition of beans at time of shipment because of failure of deponent to show date of shipment and other details, where identification is made by another witness — agreement by defendants to furnish shipping permit not executed by mere act of mailing permit.

In an action to recover damages for the refusal of a buyer of beans to accept and pay for the goods, it was error for the court to submit to the jury the question whether or not an unambiguous letter by the defendants to the plaintiffs, in which the defendants stated that they considered the contract canceled and void, was sufficient notice of the defendants' refusal to carry out the contract. The sufficiency and legal effect of a writing which is unequivocal upon its face is for the court to determine as a matter of law and not for the jury.

It was error for the court to charge as a matter of law that the plaintiffs never were ready, willing and able to ship the beans ordered, since there was sufficient evidence from which the jury might have inferred that the beans were ready for shipment when the plaintiffs requested defendants to furnish a shipping permit.

The deposition of an employee of a firm from which the beans were purchased by the plaintiffs for shipment to the defendants to the effect that the beans were free from rain damage, when shipped by his employer, should not have been rejected on the ground that the deponent did not sufficiently identify the beans by stating the exact date of shipment, car number, consignee and other details, since it appears that the beans were later identified by another witness. Under the circumstances a motion to reconsider the ruling rejecting the deposition should have been granted.

The agreement by the defendants to furnish the plaintiffs with a shipping permit was not executed by the mere act on the part of the defendants in securing the permit and mailing it to the plaintiffs; it was the duty of the defendants to actually deliver the permit to the plaintiffs.

APPEAL by the plaintiffs, William E. Robinson and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 13th day of December, 1922, upon the verdict of a jury.

*McLaughlin, Russell, Coe & Sprague [Frederick C. McLaughlin* of counsel], for the appellants.

*Abraham N. Davis [Manfred Nathan* with him on the brief], for the respondents.

FINCH, J.:

The plaintiffs sue upon two causes of action for failure to accept and pay for goods.

The first cause of action is based on a contract for the sale and delivery of 60,000 pounds of Michigan navy beans for shipment during January, 1919. At the time the contract was entered into there was a government embargo on the shipment of beans, and the consignee was required to procure a permit and forward it to the shipper for surrender to the initial carrier's agent at the shipping point before the shipment could be made. On December 12, 1918, the plaintiffs requested the defendants to secure the permit. On January 29, 1919, the plaintiffs notified the defendants that the permit had not yet been received, and on January thirty-first the defendants notified the plaintiffs that the permit had been mailed on January tenth. On February thirteenth the plaintiffs notified the defendants that the permit never had been received and requested a permit. To this letter the defendants on February fourteenth replied: " We cannot understand why Messrs. Robinson asks us to apply for a permit and accept car at such a late date, as we purchased January shipment. Under the circumstances, kindly note that we considered contract issued by Mr. Robinson, dated December 10th, cancelled and void."

The learned court, in this connection, charged the jury as follows: " Then the question for you to consider is: Was the letter — written I think on the 13th or 14th of February — from the defendants to the plaintiffs, informing them that they considered the contract to have been cancelled, was that a sufficient notice to the plaintiff that the defendant did not intend to carry out the contract? If you find that that construction, placed upon it by the plaintiff, was a proper construction * * *, then the plaintiff was justified in deeming the contract as cancelled, and recovering whatever damages they may have been put to by the failure, on the part of the defendant, to receive or to accept the goods."

The learned court at Trial Term thus submitted to the jury the question of the sufficiency of a writing which was not at all ambiguous, but which was an unequivocal notice to the plaintiff that the defendant did not intend to carry out the terms of the contract. The sufficiency and legal effect of a writing which is unequivocal upon its face is for the court to determine as a matter of law, and not for the jury. (*McNally* v. *Georgia-Florida Lumber Co.*, 146 App. Div. 456.) In this connection it also was error, and very prejudicial to the plaintiffs, for the learned court to charge as matter of law that the plaintiffs never were ready, willing and able to ship the beans from Michigan, since the evidence is that

they had furnished the defendants with the shipper's name and point of shipment, requesting the defendants to furnish permit for said shipment; from all of which it might reasonably have been inferred by the jury that the beans were ready for shipment at said point by said shipper. Since there must be a new trial it is unnecessary to consider other alleged errors, except in one regard, which is hereafter noted.

It follows that, as to the first cause of action, the judgment should be reversed and a new trial granted.

The second cause of action is based upon a contract for the sale and delivery of certain California beans, free from rain damage. Plaintiffs alleged shipment, tender and refusal by the defendants and a sale for the account of the defendants. The defendants claimed that the beans tendered were not free from rain damage and, therefore, were rejected. This cause of action was submitted to the jury upon the sole question as to whether in fact the carload as a whole showed any perceptible amount of rain damage. Upon this question the plaintiffs offered the deposition of one Stevens, an employee of H. E. Woolner & Co., from whom the goods were purchased by the plaintiffs for shipment to the defendants. Stevens testified that his duties were to inspect beans to see that they were free from rain damage; that he knew of the sale in question, and that for the purpose of filling the particular order he had purchased the beans from one Susanna Bixby Bryant, examined them and found them to be of the quality contracted for, and that the beans so examined were shipped by him in December from Long Beach, Cal. His deposition was stricken out because he was unable to state the exact date of shipment, car number, consignee, etc. Woolner, however, testified that during the fall of that year only one car of beans was shipped by him from Long Beach, Cal., to anybody, and that the car shipped was purchased for him from Susanna Bixby Bryant. Any lack of identification by Stevens was thus furnished by Woolner, and the motion to reconsider the previous ruling should have been granted. The plaintiffs were deprived of the benefit of this testimony upon the vital question upon which the case was submitted to the jury.

Since there must be a new trial, it is proper to refer to a question which arises in connection with the first cause of action. The defendants claimed that inasmuch as they had mailed the permit in time, notwithstanding it had not been received by the plaintiffs, they were relieved from any further obligation to furnish the same, likening their position in this regard to the mailing of an acceptance of an offer submitted by mail, which acceptance becomes binding

when it is deposited in the post office. The learned court agreed with this contention of the defendants, and charged: " but if you determine, gentlemen of the jury, that the permit was obtained and was properly mailed by the defendant to the plaintiff, then, as I said to you before, your verdict ought to be for the defendant upon that contract." Upon the face of the permit, which con-cededly the defendants were obligated to obtain and furnish to the shipper, they were instructed to forward one copy thereof to the shipper for surrender to the initial railroad's agent. It may be said that when the defendants forwarded the permit through the mail, they made the mail their agent to deliver (*Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608, 618), rather than said mail being the agent of the plaintiffs to receive as in the case of an offer sent by mail, where the sender impliedly makes the post office his agent to receive the acceptance. (*Wester* v. *Casein Co. of America*, 206 N. Y. 506. See, also, *Haldane* v. *United States*, 69 Fed. Rep. 819.)

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.